## HUNTSMAN vs. RUTHERFORD et al.

Where the instructions given by the circuit court properly put the questions presented by the evidence before the jury, the refusal of others is not sufficient ground for reversing the judgment.

## ERROR to Randolph Circuit Court.

### STATEMENT OF THE CASE.

The plaintiff in error instituted a suit before a justice of the peace, in Randolph county, against the defendants, and obtained a judgment for about four dollars, from which the defendants took an appeal to the circuit court. In the circuit court the defendants obtained a judgment, and the plaintiff has brought the case here by writ of error.

The facts of the case, preserved in the bill of exceptions, seems to be in substance, that the plaintiff sued upon a note that the defendants claimed to have paid off before the commencement of the suit, and also filed before the justice an off-set for various articles furnished the plaintiff. There is a large amount of evidence relating to the off-set and payments made on the note sued upon; and also evidence tending to show a statement between the parties, and that, in that settlement, the balance was struck and the note given. There is also evidence, that at the time of the settlement, interest was calculated on a previous debt due the plaintiff from the defendant, at twenty-five per centum per annum, and that such interest, at that rate thus calculated, was added into and formed a part of the note sued on in this case. The evidence in the case is too voluminous to be incorporated in this statement, but by reference to the bill of exceptions, it will be seen to embrace the above points of enquiry.

Upon the above state of evidence, the plaintiff moved several instructions, all of which were refused but one, which was overlooked by the court, and was neither given nor refused, but the principle contained in it was advanced to the jury, by the plaintiff's counsel, by permission of the court. The court gave the jury one instruction for the defendants in the following words:

"If the jury believe from the evidence, that the defendants have paid plaintiff all the principal and legal interest on the contract, and that the note was executed for a balance on said land, they will find for the defendant, notwithstanding there may be a balance on said note"

## PREWITT, for plaintiffs in error.

The land was not originally purchased for the defendants, or either of them, or at their request. Plaintiff had a right to adopt any mode of calculation he pleased to ascertain what he would sell the land at. He did not sell them the land until the note was given; they were not bound to pay him any money until then, and consequently, there could have been no forbearance on which usury would arise.

The first and second instructions asked by plaintiff, were justified by the evidence, and ought to have been given. The third and fourth ought certainly to have been given, for they stated the law hypothetically on a case which the evidence authorised to be put to the issue.

The instruction given for the defendant is bad, because it assumes as a fact, that previous

to the execution of the note, there was a subsisting usurious contract, which ought at least to have been left to the jury.

There must have been a corrupt intention, to take more than legal interest for forbearance, for money due from defendants to plaintiff, to make the consideration of the note usurious. Tardenan vs. Smith, Hardin Rep. 175, 8 Conn. 52, Potter vs. Yale College.

CLARK, for defendant in error.

It is insisted by the defendants, that the judgment of the circuit court ought to be affirmed. The only question involved is, whether the plea of usury set up here, can avail under the evidence as found in the bill of exceptions. If it can, as is insisted, and the amount of the principal and legal interest was paid, the judgment was for the right party in the circuit court, and ought to be sustained by this court.

RYLAND, Judge, delivered the opinion of the court.

From the above statement, the only points for our adjudication involve the propriety of the action of the lower court, in refusing and in giving the instructions asked for.

The instruction given for the defendant properly put the question of usury before the jury ; and the evidence, as preserved by the bill of exceptions, fully warranted this instruction. The plaintiff below, who was introduced by the defendants as a witness, fully proves that on one hundred dollars of the original debt he charged twenty-five per cent.; and that, when the settlement was made, and the notice given by defendants to him, he compounded the interest, and took the note now in suit for the balance. The questions of usurious interest was left to the jury ; and from the credits on the note, which was for the sum of one hundred and eighteen dollars and twenty-five cents, originally given on the settlement, I find that the plaintiff had received at various times the sum of one hundred and seventeen dollars and ninety-two cents, before he sued on this note.

The object of the plaintiff below, by his instructions which he prayed the court to give the jury, was to exclude the idea of usury from the jury, because the parties had once made the settlement. The court did right in refusing these instructions. The 4th instruction, as marked on the record, it seems, was overlooked at the time by the court ; it was neither given nor refused. The attention of the court was not directed to it. We therefore presume it was of no great importance, and shall pass it by.

The instructions which the court gave for the defendants, and which is set forth in the above statement of this case, called the attention of the jury to the fact of the full payment of principal and interest—that

is legal interest; and if the jury should believe from the evidence, that the defendants had paid the plaintiff the principal and legal interest, although there still appeared by the note something yet unpaid, that they should find for the defendants. The jury did find for the defendants. I cannot see how they could have done otherwise.

From the whole proceedings in the case, the plaintiff has no just cause of complaint. He ought to be satisfied. The jury, before the justice of the peace, found for him only four dollars by their verdict; and the jury, in the circuit court, after hearing his own statement, found against him. The circuit court refused to set aside the finding and grant a new trial, and I am unwilling to reverse the judgment, nothing appearing on the record to authorise such action.

The judgment below is affirmed.